## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Lorie M. Hane, | Court File No. 19-cv-215 |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| Laboratory Corporation of America, | |
| Defendant. | |

TO:     Clerk of Court, United States District Court for the District of Minnesota; and

Plaintiff Lorie M. Hane, though her attorneys, Taylor B. Cunningham, Michael B. Lammers, and Heimerl & Lammers, LLC, 901 North Third Street, Suite 110, Minneapolis, MN 55401.

PLEASE TAKE NOTICE that Defendant Laboratory Corporation of America ("LabCorp" or "Defendant") files this Notice of Removal. The above-entitled case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332(a) and is one that may be properly removed to this Court pursuant to 28 U.S.C. § §1441(a) and (b). In compliance with 28 U.S.C. § 1446(a), LabCorp asserts the following grounds for removal:

1.     On or about January 3, 2019, Plaintiff Lorie M. Hane ("Plaintiff" or "Hane") commenced the aforementioned action against Defendant by filing a Complaint in the Fourth Judicial District Court, Hennepin County, Minnesota, entitled *Lori M. Hane v. Laboratory Corporation of America*, Case No. 27-CV-19-149 (hereinafter the "State Court Action").

2. True and correct copies of Plaintiff's Summons and Complaint for the State Court Action are attached to this Notice as Exhibit 1.

3. Defendant initially was served with the Summons and Complaint on January 9, 2019.

4. A true and correct copy of the District Court Civil Cover Sheet filed in this case is attached as Exhibit 2.

5. A true and correct copy of the District Court Notice of Judicial Assignment filed in this case is attached as Exhibit 3.

6. Defendant has not received any papers or pleadings in the State Court Action other than those attached to this Notice.

7. Defendant has yet to file an Answer in this action but will timely do so following this removal. Defendant has not filed any other papers in the State Court Action.

8. This Notice is timely filed in that it is filed within thirty days of service of the Summons and Complaint on the Defendant. *See* 28 U.S.C. § 1446(b); and Fed. R. Civ. P. 6.

9. Defendant will serve written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d) and will file a Notice of Removal with the clerk of the Fourth Judicial District Court, Hennepin County, Minnesota as further required by that statute. A true and correct copy of Defendant's Notice of Filing of Notice of Removal is attached hereto as Exhibit 4.

10. Attached as Exhibit 5 is the U.S. District Court Civil Cover Sheet for this action.

## Removal Based on Federal Question

11. Plaintiff's Counts 3 and 4 specifically allege a violation of the Americans with Disabilities Act, 42 U.S.C. § 12112, *et seq*. Plaintiff's Counts 6 and 7 specifically allege violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2002e, *et seq*. Thus, Plaintiff's complaint presents a federal question over which federal district courts have original jurisdiction without regard to the citizenship of the parties or the amount in dispute. Further, a federal district court has supplemental jurisdiction over the remaining four counts of Plaintiff's complaint that all purportedly arise under the Minnesota Human Rights Act, concern the same underlying factual allegations, and therefore form "part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. §1367(a).

12. For the reasons stated above, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question), and which may be removed by Defendant to this Court pursuant to 28 U.S.C. § 1441(a).

## Removal Based on Diversity of Citizenship

13. In addition to federal question jurisdiction, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), and it may be removed to this Court pursuant to 28 U.S.C. § 1441(b). Specifically, and as explained more fully below, this action involves citizens of different states. As also explained more fully below, the amount in controversy in this action exceeds the sum of $75,000.

14. At the time this lawsuit was filed, Defendant LabCorp was, and still is, a Delaware corporation (state of incorporation) with its corporate headquarters (*i.e.*, its principal place of business) in the State of North Carolina. *See* Declaration of Roland Lund ("Lund Decl.") ¶¶ 3-4, filed concurrently herewith.

15. At the time this lawsuit was filed, Plaintiff was, and upon information and belief still is, a citizen of the State of Minnesota. (Ex. 1, Compl. ¶ 2.)

16. In light of the foregoing, Defendant was not and is not a citizen of the State of Minnesota, and Plaintiff was not and is not a citizen of Delaware or North Carolina. Therefore, Plaintiff is a "citizen of a State different from" Defendant under 28 U.S.C. § 1332(a).

17. In the State Court Action, Plaintiff alleges that Defendant failed to provide reasonable accommodations for her disability and later wrongfully terminated her because of her disability. (Ex. 1, Compl. ¶¶ 35-41.) Plaintiff also alleges that she was subject to sexual harassment by a supervisor. (*Id.* ¶¶ 90-94.) Plaintiff claims that she incurred damages as a result of Defendant's alleged actions in the form of "lost salary and benefits and has suffered and will continue to suffer mental and emotional pain and anguish and compensatory damages in an amount to be determined at trial." (*Id.* ¶¶ 43, 49, 63, 69, 81, 94, 102, 110.)

## Amount in Controversy

18. Removal jurisdiction exists where original jurisdiction would also have existed, and the removing defendant bears the burden of establishing jurisdiction. 28 U.S.C. § 1441(a); *Kopp v. Kopp*, 280 F. 3d 883, 884 (8th Cir. 2002). If a complaint on its

face alleges that the amount in controversy exceeds the minimum required to invoke diversity jurisdiction ($75,000), and all of the other requirements for diversity jurisdiction are met, the action is removable. 28 U.S.C. § 1332. If the allegations in a complaint do not conclusively demonstrate that the amount in controversy exceeds the jurisdictional minimum, the removing party need only demonstrate by a preponderance of the evidence that the jurisdictional minimum amount is in controversy. *Kopp*, 280 F. 3d at 884.

19.  Although Plaintiff's Complaint does not state a specific dollar amount of damages, she clearly seeks recovery for lost wages, compensatory damages, including emotional distress, and treble and punitive damages, among other things. She also seeks attorneys' fees and costs. (Ex. 1, Compl. at 15.)

20.  Defendant denies that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal, Defendant does not waive any defenses that may otherwise be available to it. Without waiving this position, and in light of the allegations of Plaintiff's Complaint, the amount in dispute in this matter exceeds $75,000 exclusive of interest and costs.

21.  At the time of the termination of Plaintiff's employment, she was earning $18 per hour and typically working at least 40-hours per week, which amounts to annual compensation of approximately $37,440. (Lund Decl. ¶ 5.) Since Plaintiff's employment was terminated on May 31, 2018 (Ex. 1, Compl. ¶ 30), her back pay claim alone is approximately $25,000. The addition of claimed damages for emotional distress plus the potential for treble damages under the Minnesota Human Rights Act, clearly raise the amount in controversy above the statutory minimum. *See* Minn. Stat. §§ 363A.29, subds.

5

3-6, 363A.33, subds. 6-7; *see also Cooper v. S and H, Inc.*, 2012 WL 245116, at *3 (D. Minn. Jan. 25, 2012).

22. Further, Plaintiff's settlement demand of $175,000 prior to and during the EEOC-facilitated mediation in September 2018, is highly probative if not determinative that the amount in controversy exceeds $75,000. *See* Declaration of Laura Bacon, filed concurrently herewith. "In the Eighth Circuit, district courts rely on the plaintiff's perspective in determining the amount in controversy. A plaintiff's settlement demand is relevant to the determination of the amount in controversy." *Groeneweg v. Flint Hills Resources LP*, 2008 WL 4951494, at *2 (D. Minn. Nov. 18, 2008) (internal citations omitted); *see also Kopp*, 280 F. 3d at 885 (the damages amount claimed by a plaintiff is "in controversy" unless no fact finder could legally award it).

23. For the foregoing reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441(a), in that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

## Venue

24. Venue lies in the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. sections 84(c)(3) and 1441(a) because this Court's territorial jurisdiction includes Hennepin County, Minnesota, where the State Court Action was filed and is pending.

For all of the foregoing reasons, Defendant Laboratory Corporation of America respectfully submits that the State Court Action is removable to this Court under 28 U.S.C. §§ 1331, 1332(a) and 1441(a) and (b).

                                            Respectfully submitted,

                                            **MASLON LLP**

Dated: January 29, 2019.          By:    *s/Charles G. Frohman*
                                                    Charles G. Frohman (#0386695)
                                                    Melissa Muro LaMere (#0393295)
                                        3300 Wells Fargo Center
                                        90 South Seventh Street
                                        Minneapolis, MN  55402-4140
                                        Telephone:  (612) 672-8200
                                        Facsimile:  (612) 672-8397
                                        Email:    charles.frohman@maslon.com
                                                       melissa.murolamere@maslon.com

                                          **-AND-**

                                        Laura B. Bacon (IL *#0386695*) - *Pro Hac Vice*
                                        Motion Pending
                                        Nixon Peabody LLP
                                        70 W. Madison, Suite 3500
                                        Chicago, IL  60602
                                        Telephone:  (312) 977-4403
                                        Facsimile:  (312) 977-4405
                                        Email: lbbacon@nixonpeabody.com

                                        **ATTORNEYS FOR DEFENDANT**
                                        **LABORATORY CORPORATION OF**
                                        **AMERICA**