Filed in District Court
State of Minnesota
1/3/2019 12:35 PM

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |

Case Type: Employment
Case No.:

Lorie M. Hane,

     Plaintiff,

v.

                                          **SUMMONS**

Laboratory Corporation of America,

     Defendant.

---

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to serve upon Ms. Hane's attorney an Answer to the Complaint which is herein served upon you, within Twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Pursuant to Minn. Stat. § 543.22, you are further notified that under the Minnesota Rules of General Practice, all civil cases are subject to Alternative Dispute Resolution (ADR), except for those actions in Minn. Stat. § 484.76 and Minn. Gen. R. Prac. 111.01 and 310.01. The Court Administrator of the above-captioned Court can provide you with information about ADR processes and neutrals.

**HEIMERL & LAMMERS, LLC.**

Dated: 01·03·2019

*7.B.C_____*

TAYLOR B. CUNNINGHAM (#0400041)
MICHAEL B. LAMMERS (#0389004)
Attorneys for Ms. Hane
901 North Third Street, Suite 110
Minneapolis, MN 55401
(612) 294-2200
mike@hllawfirm.com
taylorc@hllawfirm.com

**EXHIBIT 1**

Filed in District Court
State of Minnesota
1/3/2019 12:35 PM

STATE OF MINNESOTA                              DISTRICT COURT

COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT

_____

                                                Case Type: Employment
                                                Case No.:

Lorie M. Hane,

        Plaintiff,

v.                                              **COMPLAINT AND JURY DEMAND**

Laboratory Corporation of America,

        Defendant.

_____

        Plaintiff Lori M. Hane, as and for her claims and causes of action against Defendant, states and alleges as follows:

## INTRODUCTION

1.      In this case, Lori Hane was terminated by Defendant after requesting reasonable accommodations for her disability and for reporting her supervisor for sexual harassment. Ms. Hane now seeks damages she sustained as a result of Defendant's violations of the Minnesota Human Rights Act, the Americans with Disabilities Act, and Title VII of the Civil Rights Act of 1964.

## PARTIES

2.      Plaintiff Lorie M. Hane, at all times relevant, was a resident of Crystal, Minnesota and was employed by Defendant with the job title of Phlebotomist.

3.      Defendant Laboratory Corporation of America, hereinafter "Defendant," is a Delaware corporation doing business in Minnesota. Defendant's registered office address is

1

**EXHIBIT 1**

Filed in District Court
State of Minnesota
1/3/2019 12:35 PM

2345 Rice Street, Ste. 230, Roseville, MN 55113. Defendant is engaged in the business of providing medical lab services and employs more than 25 employees.

## JURISDICTION

4.      This is the proper jurisdiction and venue as the events giving rise to this cause of action occurred in Hennepin County.

5.      The U.S. Equal Employment Opportunity Commission (EEOC) issued a Right-to-Sue letter on or about November 7, 2018. This Complaint is being filed within 90-days after receiving said letter.

6.      Both parties were engaged in a dispute resolution process up to and until September 26, 2018, the date of an EEOC-facilitated mediation.

## FACTS

7.      Ms. Hane is disabled due to her diagnoses of Ehlers-Danlos disease and Arnold-Chiari deformity.

8.      Ms. Hane's disability limits at least one major life activity.

9.      In or about October 2017, Ms. Hane interviewed for a position with LabCorp. The interview was three hours in length.

10.     During Ms. Hane's interview, Elizabeth Hyser, a supervisor for Defendant, pulled down her pants to show a scar on her lower-stomach from a recent cosmetic surgery and discussed her boyfriend and their sexual relations and problems.

11.     Ms. Hane began working for LabCorp on or about October 31, 2017.

12.     At the time of hire, LabCorp was aware of Ms. Hane's disabilities and allowed for accommodations.

**EXHIBIT 1**

Filed in District Court
State of Minnesota
1/3/2019 12:35 PM

13.    During her time as an employee of LabCorp, Ms. Hane was asked by Elizabeth Hyser if her breasts were real, and whether she had had breast revision surgery.

14.    In or about November 2017, Ms. Hane's supervisor, Elizabeth Hyser, discussed her personal life, including her boyfriend and his sexual addiction issues, including infidelity and pornography, with Ms. Hane. These discussions occurred before, during, and after work on several different occasions.

15.    Ms. Hane was late to work on multiple occasions because of Elizabeth Hyser's inappropriate discussions with her. Elizabeth Hyser told Ms. Hane she would fix her attendance time.

16.    In or about January 2018, Ms. Hane demanded that Elizabeth Hyser stop discussing her personal and sex life with Ms. Hane. By doing so, Ms. Hane indicated that these discussions were unwelcome.

17.    In or about January 2018, Ms. Hane informed LabCorp that she would like to move to a different location, away from Elizabeth Hyser. Ms. Hane was instructed to handle this situation herself and her request was denied by Elizabeth Hyser.

18.    In or about March 2018, Elizabeth Hyser stated to Ms. Hane that Ms. Hane was a nuisance and that she wished she had never hired Ms. Hane.

19.    In or about March 2018, Ms. Hane complained of sexual harassment to the Human Resources department.

20.    In or about April 2018 Ms. Hane was told she would be moved to the high-volume office in Edina.

3

**EXHIBIT 1**

Filed in District Court
State of Minnesota
1/3/2019 12:35 PM

21.    In or about April 2018, upon being told she would be moved to the Edina office, Ms. Hane inquired about her accommodations of seeing her doctors twice per month. Elizabeth Hyser stated it would not be possible to accommodate Ms. Hane.

22.    In or about April 2018, Ms. Hane began working at the Edina office.

23.    In or about April 2018, Ms. Hane, along with her physician, once again, requested accommodations.

24.    In or about May 2018, Defendant rejected Ms. Hane's accommodations request. Ms. Hane's request was to miss 40-minutes of work per month in order to see her doctors twice per month.

25.    In or about May 2018, Elizabeth Hyser stated to Ms. Hane that Human Resources would not fire her, but that she really wanted Ms. Hane gone.

26.    On or about May 23, 2018, Ms. Hane's heart went into Atrial Fibrillation, which was caused by a combination of her disability and stress.

27.    On or about May 23, 2018, Ms. Hane went to the Emergency Room and was subsequently admitted to the Hospital.

28.    Ms. Hane missed work on May 23, May 24, and for one hour on May 25, 2018.

29.    On or about May 25, 2018, Ms. Hane returned to work.

30.    On or about May 31, 2018, Defendant terminated Ms. Hane's employment.

## CAUSES OF ACTION

## COUNT 1: VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT (DISABILITY DISCRIMINATION)

Ms. Hane incorporates the preceding paragraphs and further alleges:

31.    Minn. Stat. § 363A.08, subd. 2(2)-(3), provides in relevant part:

**EXHIBIT 1**

Filed in District Court
State of Minnesota
1/3/2019 12:35 PM

> Except when based on a bona fide occupational qualification, it is an unfair employment practice for an employer, because of race, color, creed, religion, national origin, sex, marital status, status with regard to public assistance, familial status, membership or activity in a local commission, disability, sexual orientation, or age to:
> (2) discharge an employee; or
> (3) discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment.

32.     Ms. Hane is disabled under the Minnesota Human Rights Act because she has Ehlers-Danlos disease and Arnold-Chiari deformity.

33.     Ms. Hane's disability limits at least one, if not more, major life activities.

34.     Defendant had notice of Ms. Hane's disability.

35.     In or about April 2018, Ms. Hane requested reasonable accommodations, which would allow her to visit her doctors twice per month. This would cause her to miss a total of 40 minutes of work per month.

36.     In or about May 2018, Defendant rejected Ms. Hane's accommodation request.

37.     On or about May 23, 2018, Ms. Hane was hospitalized due to complications from her disability, combined with stress.

38.     On or about May 25, 2018, Ms. Hane returned to work.

39.     On or about May 31, 2018, Defendant terminated Ms. Hane.

40.     Ms. Hane suffered adverse employment actions, namely termination, because of her disability.

41.     Defendant terminated Ms. Hane, at least in part, because of her disability.

42.     The above-described actions taken by Defendant constitute a violation of the Minnesota Human Rights Act.

**EXHIBIT 1**

Filed in District Court
State of Minnesota
1/3/2019 12:35 PM

43. As a result of these unlawful actions, Ms. Hane has been harmed and has lost salary and benefits and has suffered and will continue to suffer mental and emotional pain and anguish and compensatory damages in an amount to be determined at trial.

## COUNT 2: VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT (DISABILITY DISCRIMINATION - FAILURE TO ACCOMODATE)

Ms. Hane incorporates the preceding paragraphs and further alleges:

44. Minn. Stat. § 363A.08, subd. 6(a), provides in relevant part:

> Except when based on a bona fide occupational qualification, it is an unfair employment practice for an employer . . . not to make reasonable accommodation to the known disability of a qualified disabled person or job applicant unless the employer, agency, or organization can demonstrate that the accommodation would impose an undue hardship on the business, agency, or organization.

45. Ms. Hane was a qualified person who possessed the requisite skill, education, experience, and training for her position at a phlebotomist.

46. Ms. Hane was able to perform the essential job functions of her position with reasonable accommodations.

47. Despite this, Defendant refused to provide her with reasonable accommodations, namely to see her doctors twice per month, causing her to miss a total of 40 minutes of work per month.

48. The above-described actions taken by Defendant constitute a violation of the Minnesota Human Rights Act.

49. As a result of these unlawful actions, Ms. Hane has been harmed and has lost salary and benefits and has suffered and will continue to suffer mental and emotional pain and anguish and compensatory damages in an amount to be determined at trial.

**EXHIBIT 1**

Filed in District Court
State of Minnesota
1/3/2019 12:35 PM

## COUNT 3: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (DISABILITY DISCRIMINATION)

Ms. Hane incorporates the preceding paragraphs and further alleges:

50.    42 U.S. Code § 12112, sub. (a), provides in relevant part:

No covered entity shall discriminate against any qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

51.    Ms. Hane is disabled under the Americans with Disabilities Act because she has Ehlers-Danlos disease and Arnold-Chiari deformity.

52.    Ms. Hane's disability limits at least one, if not more, major life activities.

53.    Ms. Hane is qualified to perform the essential job functions of a Phlebotomist given her education and training.

54.    Ms. Hane was able to perform the essential job functions of her position with reasonable accommodations.

55.    In or about April 2018, Ms. Hane requested reasonable accommodations due to her disability. The request was to see her doctors twice per month, causing her to miss a total of 40 minutes of work per month.

56.    In or about May 2018, Defendant rejected Ms. Hane's accommodation request.

57.    On or about May 23, 2018, Ms. Hane was hospitalized due to complications from her disability, combined with stress.

58.    On or about May 25, 2018, Ms. Hane returned to work.

59.    On or about May 31, 2018, Defendant terminated Ms. Hane.

60.    Ms. Hane suffered adverse employment actions because of her disability when her accommodations request was rejected and when she was terminated.

7

**EXHIBIT 1**

Filed in District Court
State of Minnesota
1/3/2019 12:35 PM

61.     Defendant terminated Ms. Hane, at least in part, because of her disability.

62.     The above-described action taken by Defendant constitutes a violation of the Americans with Disabilities Act.

63.     As a result of these unlawful actions, Ms. Hane has been harmed and has lost salary and benefits and has suffered and will continue to suffer mental and emotional pain and anguish and compensatory damages in an amount to be determined at trial.

**COUNT 4: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (DISABILITY DISCRIMINATION- FAILURE TO ACCOMODATE)**

Ms. Hane incorporates the preceding paragraphs and further alleges:

64.     Pursuant to 42 U.S. Code § 12112, sub. (b)(5), the term "discriminate against a qualified individual on the basis of disability," as used in § 12112, subd. (a), includes not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified employee with a disability.

65.     Ms. Hane was a qualified person who possessed the requisite skill, education, experience, and training for her position as a phlebotomist.

66.     Ms. Hane was able to perform the essential job functions of her position with reasonable accommodations.

67.     Despite this, Defendant refused to provide her with reasonable accommodations, namely to see her doctors twice per month, causing her to miss a total of 40 minutes of work per month.

68.     The above-described action taken by Defendant constitutes a violation of the Americans with Disabilities Act.

**EXHIBIT 1**

Filed in District Court
State of Minnesota
1/3/2019 12:35 PM

69.     As a result of these unlawful actions, Ms. Hane has been harmed and has lost

salary and benefits and has suffered and will continue to suffer mental and emotional pain

and anguish and compensatory damages in an amount to be determined at trial.

## COUNT 5: VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT (SEXUAL HARASSMENT)

Ms. Hane incorporates the preceding paragraphs and further alleges:

70.     Minn. Stat. § 363A.08, subd. 2(3), provides in relevant part:

> Except when based on a bona fide occupational qualification, it is unfair
> employment practice for an employer, because of race, color, creed,
> religion, national origin, sex, marital status, status with regard to public
> assistance, familial status, membership or activity in a local
> commission, disability, sexual orientation, or age to:
> (3) discriminate against a person with respect to hiring, tenure,
> compensation, terms, upgrading, conditions, facilities, or privileges of
> employment.

71.     During her interview with Ms. Hyser in or about October 2017, Elizabeth

Hyser discussed her personal life, including her sex life, with Ms. Hane. Also during the

interview, Ms. Hyser pulled down her pants to display a scar on her lower-stomach from a

recent cosmetic surgery.

72.     During her time as an employee of LabCorp, Ms. Hane was asked by Elizabeth

Hyser if her breasts were real, and whether she had had breast revision surgery.

73.     In or about November 2017, Elizabeth Hyser again discussed her personal life,

including her boyfriend's infidelity, his sex addiction and the pornography he was viewing,

on numerous occasions with Ms. Hane. These discussions took place before, during, and after

work hours.

74.     In or about November 2017, Elizabeth Hyser caused Ms. Hane to be late to

work due to her personal and sexually-explicit discussions.

9

**EXHIBIT 1**

27-CV-19-149

Filed in District Court
State of Minnesota
1/3/2019 12:35 PM

75.    In or about November 2017, Elizabeth Hyser promised Ms. Hane that she would fix Ms. Hane's attendance time, so it would read that Ms. Hane was not late.

76.    In or about January 2018, Ms. Hane complained to both Elizabeth Hyser and Defendant's Human Resources department about the unwelcome and inappropriate sexually-explicit discussions.

77.    In or about January 2018, Defendant had knowledge of Ms. Hane being harassed. Defendant's Human Resources department told Ms. Hane to handle the situation herself.

78.    In or about January 2018, Defendant effectively denied Ms. Hane's request to discontinue working with Elizabeth Hyser by leaving the decision with Elizabeth Hyser, who then denied the request.

79.    In or about March 2018, Ms. Hane again complained of being sexually harassed to the Human Resources department.

80.    The above-described actions taken by Defendant constitute a violation of the Minnesota Human Rights Act.

81.    As a result of these unlawful actions, Ms. Hane has been harmed and has lost salary and benefits and has suffered and will continue to suffer mental and emotional pain and anguish and compensatory damages in an amount to be determined at trial.

## COUNT 6: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (SEXUAL HARASSMENT)

Ms. Hane incorporates the preceding paragraphs and further alleges:

82.    Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a), provides in relevant part:

It shall be an unlawful employment practice for an employer:
(1) to fail or refuse to hire or to discharge any individual, or otherwise
to discriminate against any individual with respect to his

**EXHIBIT 1**

Filed in District Court
State of Minnesota
1/3/2019 12:35 PM

compensation, terms, conditions, or privileges of employment, because
of such individual's race, color, religion, sex, or national origin.

83.    During her interview with Ms. Hyser in or about October 2017, Elizabeth
Hyser, discussed her personal life, including her sex life, with Ms. Hane. Also during the
interview, Ms. Hyser pulled down her pants to display a scar on her lower-stomach from a
recent cosmetic surgery.

84.    During her time as an employee at LabCorp, Ms. Hane was asked by Elizabeth
Hyser if her breasts were real, and whether she had had breast revision surgery.

85.    In or about November 2017, Elizabeth Hyser again discussed her personal life,
including her boyfriend's infidelity, his sex addiction and the pornography he was viewing,
on numerous occasions with Ms. Hane. These discussions took place before, during, and after
work hours.

86.    In or about November 2017, Elizabeth Hyser caused Ms. Hane to be late to
work on several occasions, as a result of her discussions about sex.

87.    In or about November 2017, Elizabeth Hyser promised Ms. Hane that she
would fix Ms. Hane's attendance time, so it would read that Ms. Hane was not late.

88.    In or about January 2018, Ms. Hane complained of harassment to Elizabeth
Hyser, requesting she stop having sexual discussions with Ms. Hane, indicating that these
discussions were unwelcome.

89.    In or about January 2018, Ms. Hane complained to Defendant's Human
Resources department about the unwelcome and inappropriate discussions.

90.    Defendant had knowledge of Ms. Hane being harassed. Defendant's Human
Resources department told Ms. Hane to handle the situation herself.

**EXHIBIT 1**

Filed in District Court
State of Minnesota
1/3/2019 12:35 PM

91.     In or about January 2018, Defendant effectively denied Ms. Hane's request to discontinue working with Elizabeth Hyser by leaving the decision with Elizabeth Hyser, who then denied the request.

92.     In or about March 2018, Ms. Hane again complained of being sexually harassed to the Human Resources department.

93.     The above-described actions taken by Defendant constitute a violation of Title VII of the Civil Rights Act of 1964.

94.     As a result of these unlawful actions, Ms. Hane has been harmed and has lost salary and benefits and has suffered and will continue to suffer mental and emotional pain and anguish and compensatory damages in an amount to be determined at trial.

**COUNT 7: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (REPRISAL)**

Ms. Hane incorporates the preceding paragraphs and further alleges:

95.     Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), provides in relevant part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

96.     In or about January 2018, Ms. Hane complained of an unlawful employment practice (sexual harassment) to both her supervisor, Elizabeth Hyser, and the Human Resources department.

**EXHIBIT 1**

Filed in District Court
State of Minnesota
1/3/2019 12:35 PM

97.    In or throughout January 2018 to April 2018, Ms. Hane was criticized by Elizabeth Hyser, her supervisor, for several things, even when she followed rules and protocol.

98.    In or about March 2018, Ms. Hane again complained that she was being sexually harassed.

99.    In or about April 2018, Defendant forcibly moved Ms. Hane to a busier location, subsequently taking away any accommodations for her disability.

100.    It was only after Ms. Hane complained of sexual harassment that Defendant took adverse actions against Ms. Hane by moving her to a busier location and by denying her accommodation requests.

101.    The above-described actions taken by defendant constitute a violation of the Civil Rights Act of 1964.

102.    As a result of these unlawful actions, Ms. Hane has been harmed and has lost salary and benefits and has suffered and will continue to suffer mental and emotional pain and anguish and compensatory damages in an amount to be determined at trial.

**COUNT 8: VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT (REPRISAL)**

Ms. Hane incorporates the preceding paragraphs and further alleges:

103.    Minn. Stat. § 363A.15, subd. (1), provides in relevant part:

> It is an unfair discriminatory practice for any individual who participated in the alleged discrimination as a perpetrator, employer, labor organization, employment agency, public accommodation, public service, educational institution, or owner, lessor, lessee, sublessee, assignee or managing agent of any real property, or any real estate broker, real estate salesperson, or employee or agent thereof to intentionally engage in any reprisal against any person because that person:

**EXHIBIT 1**

Filed in District Court
State of Minnesota
1/3/2019 12:35 PM

(1) opposed a practice forbidden under this chapter or has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

104.    In or about January 2018, Ms. Hane complained of an unlawful employment practice (sexual harassment) to Elizabeth Hyser, her supervisor, and to Defendant's Human Resources department.

105.    In or about March 2018, Ms. Hane again complained that she was being sexually harassed.

106.    In and throughout January 2018 to April 2018, Ms. Hane was continuously criticized by her supervisor, Elizabeth Hyser, for several things, even when she followed rules and protocol.

107.    In or about April 2018, Ms. Hane was forcibly moved to a busier location by Defendant, who subsequently took away any accommodations she had for her disability.

108.    It was only after Ms. Hane complained of harassment that she was forcibly moved to a different location and that her accommodations were taken away.

109.    The above-described actions taken by Defendant constitute a violation of the Minnesota Human Rights Act.

110.    As a result of these unlawful actions, Ms. Hane has been harmed and has lost salary and benefits and has suffered and will continue to suffer mental and emotional pain and anguish and compensatory damages in an amount to be determined at trial.

14

**EXHIBIT 1**

Filed in District Court
State of Minnesota
1/3/2019 12:35 PM

**WHEREFORE**, Ms. Hane prays for judgment against the Defendant with the following relief:

1.      That the practices of the Defendants complained herein be adjudged and declared to be in violation of the rights secured to Ms. Hane by laws prohibiting discrimination and retaliation;

2.      That Ms. Hane be awarded compensatory damages for violations of each act, including lost wages and emotional distress;

3.      That the Court award Ms. Hane's attorneys' fees, costs, and disbursements pursuant to statute;

4.      That Ms. Hane be awarded treble and punitive damages as provided by statute; and

5.      That Ms. Hane be awarded any such other relief the Court deems fair and equitable.

## JURY DEMAND

Ms. Hane demands trial by jury on all counts where jury is available.

HEIMERL & LAMMERS, LLC.

Dated: 01-03-2019

TAYLOR B. CUNNINGHAM (#0400041)
MICHAEL B. LAMMERS (#0389004)
Attorneys for Plaintiff
901 North Third Street, Suite 110
Minneapolis, MN 55401
(612) 294-2200
mike@hllawfirm.com
taylorc@hllawfirm.com

15

**EXHIBIT 1**

Filed in District Court
State of Minnesota
1/3/2019 12:35 PM

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that pursuant to Minn. Stat. Sec. 549.21 subd. 2, the Court in its discretion may award costs, disbursements, reasonable attorney's fees and witness fees to the parties against whom costs, disbursements, reasonable attorney's fees and witness fees were charged in bad faith.

Dated: 01·03·2019

Taylor B. Cunningham

16

**EXHIBIT 1**